UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2012 MAY 11 PM 3:31
TEXAS-EASTERN
BY_____

Valda Morgan,

    Plaintiff,

vs.

Denton Independent School District, Denton ISD's School Board Trustees,

    Defendants.

Case No.: 4:12cv290

JURY TRIAL DEMANDED

## COMPLAINT UNDER THE EQUAL PAY ACT OF 1963 AS AMENDED

1. This action arises under the Equal Pay Act of the United States, 29 U.S.C. § 206(d)(1) Equal Pay Act of 1963 as amended.

**Parties**

2. Plaintiff, Valda Morgan, (hereinafter Plaintiff Morgan or Plaintiff) is a citizen of the United States residing in Denton county in the State of Texas and resides at 1931 Willowcrest Loop, Denton, TX 76205-6981.

3. Defendant, Denton Independent School District (Denton ISD) 1107 N. Locust St. Denton, TX 76201.

4. Defendant, Denton ISD, school board trustees, 1107 N. Locust St. Denton, TX 76201.

**Jurisdiction**

5. This Court has subject matter jurisdiction because the Plaintiff has plead one or more federal questions.

6. Defendant Denton Independent School District is a public school that is subject to the Equal Pay Act of 1963 as amended.

7. This Court has jurisdiction over the parties because the Defendants do business as a public school system in Denton County Texas, recruit employees in Texas, engage in contracts in Texas and have committed a tort in Texas. *See* 28 U.S.C. § § §1331, 1332 and 1343.

## Venue

8. Venue is appropriate in the Eastern District of Texas, Sherman Division, because a substantial portion of the acts and or torts occurred in this jurisdiction. *See* 28 U.S.C. §1391(b).

## Claim

9. Plaintiff is a 58 year old African American female. Plaintiff was employed by the Defendant in August 1987 as a special education teacher Plaintiff was the Director of Special Education from July 1999 thru June 2010. Plaintiff was unlawfully reassigned to Residential Facility Administrator for the 2010-2011 school year. Plaintiff possesses a mid-management or principal certification, as well as secondary education and all level special education teaching certificates. Plaintiff also has a Ph.D. in Special Education, as well as two Masters' degrees 1) Master of Education: special education and 2) Master of Education: Educational Administration.

10. On the Equal Pay Act 29 USC § 206(d)(1); Denton ISD's district policy DEA (Legal) and DGBA (Local) Denton ISD is subject to the equal pay act.

11. On Denton ISD's Salary Schedule 2009 – 2010 (Exhibit 1), Plaintiff Morgan for the 2008-2009; 2009 -2010 and 2010 - 2011 school years was paid on the Denton ISD's director or special education salary schedule at range of $69,938.38 - $104,907.57. Which was less than the pay

received by Norm Sisk, executive director operation; Dennis Stephens, executive director of human resources, $85,457, to $128,185.77; Ernie Stripling, technology information officer, $95,715.20- $143,577.29; Roger Rutherford and Mike Mattingly, assistant superintendent of academic programs, $95,718.20 -$143,577.29 and Jamie Wilson, deputy superintendent, $110,076.44 - $165,114.66 at Denton ISD.

12. July 1999 - June 2010 Plaintiff was employed as director of special education at Denton ISD 1107 N. Locust St. Denton, TX, Plaintiff Morgan performed work equal in skill, effort and responsibility to the work of certain male employees, including the deputy superintendent, (Jamie Wilson); assistant superintendent academic programs,( Roger Rutherford) and assistant superintendent of curriculum/instruction and staff development ( Mike Mattingly); technology information officer, (Ernie Stripling); executive director operations, (Norm Sisk) and executive director of human resources, (Dennis Stephens) at Denton ISD.

13. On Denton ISD's salary schedules 1999-2005 and 2005-2006, 2006-2007, 2007-2008, 2008-2009, 2009-2010,2010-2011 based on discriminatory pay decisions by school board trustees and Ray Braswell, superintendent, Plaintiff received less pay than male employees in the district for performing equal work; requiring equal skills, effort and responsibility; performed under similar working conditions and Plaintiff was paid a lower salary than the following individuals Jamie Wilson, deputy superintendent; Roger Rutherford and Mike Mattingly, assistant superintendents academic programs; Ernie Stripling, technology information officer; Norm Sisk, executive director operation and Dennis Stephens, executive director of human resources at Denton ISD.

14. On the above dates in paragraph 13 Plaintiff performed the following similar tasks as Wilson, Rutherford, Mattingly, Stripling, Sisk and Stephens:
    a) Performance evaluations for professional and paraprofessional staffs; personnel management and program oversight; budget development and
    b) management; public relations; recruiting; hiring; curriculum writing and alignment;

    c) Data interpretation; goal setting and implementation; records management.

15. Jamie Wilson officed at 1107 N. Locust St., supervised staff and evaluate staff, Roger Rutherford, officed at 1107 N. Locust St., supervised staff, evaluated staff, Mike Mattingly, officed at 1212 Bolivar St., supervised staff, evaluated staff Norm Sisk, officed at Denton ISD Services Building, 230 N. Mayhill Road, Denton, TX 76208, supervised staff, evaluated staff; Dennis Stephens, officed at 1107 N. Locust St., supervised staff, evaluated staff.

16. At all relevant times Denton ISD's Defendants school board trustees and Ray Braswell, superintendent took discriminatory pay actions against Plaintiff because of Plaintiff's sex, race and age for over eleven years while Plaintiff was director of special education and during Plaintiff's unlawful removal as director of special education.

17. At all relevant times Denton ISD Defendant reimbursed males cell phone expenses to male employees (Wilson, Rutherford, Sisk, Stripling, Mattingly and Stephens); Plaintiff cell phone expenses was not reimbursed.

18. Defendants' action, as alleged were conducted in bad faith for the purpose of deterring the exercise of Plaintiff's Equal Pay Act rights.

19. Defendant s' actions as alleged, were made willfully and intentionally in interfering with Plaintiff's lawful right under the Equal Pay Act.

20. At all relevant time Defendants actions were calculated to cause Plaintiff injury.

### Equal Pay Act 29 USC § 206(d)(1)

21. Plaintiff realleges paragraphs 1 through 19.

22. While employed by Defendant Denton ISD, Plaintiff performed work that was substantially equal to Plaintiff's male coworkers, as measured on the basis of the skills, duties, supervision, effort, and responsibilities of the jobs.

23. The conditions where the work was performed were essentially the same.

24. Plaintiff's male coworkers (Rutherford, Mattingly, Wilson, Stripling, Sisk and Stephens) were paid more than Plaintiff.

25. As a direct and proximate cause of Defendants' bad faith discriminatory pay actions, Plaintiff was injured in her right to equal pay as guaranteed by the Equal Pay Act.

26. Plaintiff has suffered lifelong earnings and benefits losses, and losses of earnings capacity, and has suffered emotional and physical distress, pain and suffering.

27. Defendant Denton ISD and school board trustees and Braswell, superintendent violated the Equal Pay Act and Plaintiff is entitled to damages in an amount to be proven at trial, including but not limited to back pay, liquidated damages, interest and attorneys' fees.

### Equal Pay Act 29 USC § 206(d)(1) Retaliation

28. Plaintiff realleges paragraphs 1 through 26.

29. Plaintiff discussed an upgrade of her position to Executive director on or about February 2009 with Roger Rutherford, Plaintiff's immediate supervisor.

30. On or about June 2010, Denton ISD and Denton ISD trustees retaliated against Plaintiff Morgan by denying Plaintiff equal pay.

31. Defendant unlawfully demoted Plaintiff on or about July 2010 without legal justification as defined by Plaintiff's TEC Chapter 21 contract.

32. The unlawful actions of the Defendants, as alleged were made in bad faith and in retaliation for Plaintiff's exercise of her Equal Pay Act right.

### PRAYER

WHEREFORE, Plaintiff prays that the Court grant the following relief to the Plaintiff:

1. Grant Plaintiff relief for Defendant intentional and willful paying Plaintiff less than similar males;

2. Direct Defendant to promote Plaintiff to executive director or preferably assistant superintendent;

3. Direct Defendant to issue Plaintiff a two year or greater contract;

4. Grant judgment requiring Defendant to pay appropriate back pay, interest, liquidating damages and benefits;

5. Direct Defendant to purge Plaintiff's personnel of all false illegally developed performance appraisals and growth plans;

6. Grant such relief as may be appropriate, damages, costs, expert fees and attorney's fees;

7. Grant all such other relief whether in law or equity which it may show itself justly entitled.

Respectfully submitted,

*Valda Morgan*
Valda Morgan, Pro Se
1931 Willowcrest Loop
Denton, TX 76205-6981
940-383-4295