**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VALDA MORGAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-290 |
| | § | |
| DENTON INDEPENDENT SCHOOL | § | |
| DISTRICT, DENTON ISD SCHOOL | § | |
| BOARD OF TRUSTEES | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On June 11, 2013, the report of the Magistrate Judge was entered [Doc. #49] containing the recommendation that defendant's Motion for Summary Judgment [Doc. #33] be granted.

On July 3, 2013, plaintiff filed her objections to the report and recommendation [Doc. #53]. On July 17, 2013, defendant filed its response [Doc. #57]. On August 6, 2013, plaintiff filed her reply [Doc. #58].

In his report and recommendation, the Magistrate Judge recommended that defendant's Motion for Summary Judgment be granted because plaintiff failed to establish a prima facie case of discrimination under the Equal Pay Act ("EPA"), and that plaintiff failed to establish a prima facie case of retaliation under the EPA. Specifically, the Magistrate Judge noted that to establish

1

a violation of the EPA for discrimination, a plaintiff must show that (1) the employer is subject to the Act; (2) the plaintiff performed work in a position requiring skill, effort and responsibility equal to that of a co-worker of the opposite sex, under similar working conditions; and (3) the plaintiff was paid less than the employee of the opposite sex providing the basis of comparison [Doc. #49 at 6-7 (citing *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)]. The Magistrate Judge explained that if the plaintiff satisfies her burden to establish a prima facie case, then the burden of proof shifts to the employer to show that the differential is justified under one of the EPA's four exceptions, which are (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor than sex. *Id*. at 7 (citing *Siler-Khodr v. Univ. of Tex. Health Science Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001). The Magistrate Judge found that plaintiff failed to establish that she performed work in a position requiring skill, effort, and responsibility equal to that of a male co-worker, under similar working conditions. The evidence was sufficient to eliminate any fact issue as to whether plaintiff's comparators performed work requiring greater skill, effort, and responsibility. The Magistrate Judge then concluded that even assuming, *arguendo,* that plaintiff could establish a prima facie case of discrimination, the defendant satisfied its burden to show that its pay system was a merit based system comprised of gender neutral criteria [Doc. #49 at 17].

In addition, the Magistrate Judge noted that in order to establish a claim for retaliation under the EPA, the plaintiff needed to show (1) that she engaged in an activity protected by the applicable statutes; (2) that she was subject to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action [Doc. #49 at 17 (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004))]. The Magistrate

Judge concluded that plaintiff never engaged in an protected activity, and could not show that she was subjected to an adverse employment action [Doc. #49 at 18].

Plaintiff's numerous objections do not challenge these central holdings of the Magistrate Judge. Instead, plaintiff's objections address various non-dispositive issues found in the report and recommendation of the Magistrate Judge. While the court will address the objections of plaintiff in turn, the court finds that for this reason alone, the report and recommendation of the Magistrate Judge should be adopted.[1]

Plaintiff objects to the Magistrate Judge's finding that "Plaintiff did not consider obtaining a degree in anything else, as she considered special education 'my calling for work'" [Doc. #53 at 1; #49 at 1-2]. Plaintiff objects that these statements are hearsay and false. This statement is not hearsay because it is a statement made by the plaintiff, and plaintiff cannot now claim that this statement is false since she made the statement while under oath at her deposition.

Plaintiff also objects to the Magistrate Judge's finding that plaintiff's experience and education was almost exclusively within the field of special education. Plaintiff argues that her education "consists of other areas," such as a Bachelor's degree in home economics and a Master's degree in education administration [Doc. #53 at 2]. While plaintiff did have these two degrees, it is also clear from the record that while completing her Master's degree, plaintiff decided to focus her studies on special education. All her remaining experience is in the field of special education. Further, plaintiff may disagree with the Magistrate Judge's characterization of her education; however, for EPA discrimination claims, the relevant inquiry is what education and experience was required of her position as compared to the positions of the comparators. In this case, the Magistrate Judge found that the comparator positions required greater skill, effort,

---

[1] Plaintiff's objections are very unclear. As such, the court will consider each objection to the extent that the court is able to discern what plaintiff is referring to and the basis for the objection.

3

and responsibility than plaintiff's position. Therefore, plaintiff's objections regarding the Magistrate Judge's description of her education are overruled.

Plaintiff further objects to the Magistrate Judge's finding that her supervisory duties were limited to the field of special education [Doc. #53 at 2]. Plaintiff contends that she performed the district-wide duties related to § 504, which were assigned to her by her supervisors, Wilson and Rutherford. Section § 504 concerns individuals with disabilities, and there is no dispute that the Director of Special Education could be assigned duties related to individuals with disabilities by her supervisors. Further, even assuming that this additional duty was overlooked by the Magistrate Judge, this single, additional duty assigned to plaintiff by her supervisors is insufficient to demonstrate that she conducted work of equal skill, effort, and responsibility as compared to her comparators. This objection is overruled.

Plaintiff objects to the finding of the Magistrate Judge that the during plaintiff's time as the Director of Special Education, defendant was not in compliance with Texas Education Agency ("TEA") requirements for students with disabilities living in residential facilities [Doc. #53 at 2]. The Magistrate Judge found that "Plaintiff was charged with ensuring that the District met all TEA directives and achieved compliance, but Plaintiff failed" [Doc. #49 at 3].

It appears that plaintiff objects to this statement because she asserts that she lacked the authority to unilaterally correct the noncompliance identified by TEA. Plaintiff contends that only a duly constituted Admission, Review, and Dismissal ("ARD") committee could correct the noncompliance issues. Plaintiff also reasserts her argument that defendant giving her these responsibilities shows pretext.

Plaintiff does not dispute the fact that she was given these responsibilities. As the Director of Special Education, plaintiff was charged with the responsibility of getting her

department into compliance with TEA directives. While plaintiff contends that these responsibilities should not have been assigned to her, the fact is, plaintiff was responsible for achieving this compliance. Further, plaintiff could have used her position to inform other administrators what was necessary to achieve compliance, and coordinated the effort to convene and ARD committee meeting to work on these issues. Further, this objection has no relevance to the fact that plaintiff failed to establish a prima facie case of discrimination under the EPA. The objection is without merit and is overruled.

Plaintiff objects to the finding of the Magistrate Judge that in March of 2010, plaintiff elected to forgo the non-renewal process of her term contract and instead, chose to offer her resignation effective at the end of the 2010-11 school year and accept the offer of a one-year term contract as Residential Facilities Administrator [Doc. #53 at 4]. Plaintiff now claims that she was coerced by Braswell into entering into this contract, and that Braswell lacked authority to coerce plaintiff into a contract. There is no evidence in the record indicating that plaintiff was coerced into the contract. Further, this argument is irrelevant to the Magistrate Judge's finding that plaintiff failed to establish a prima facie case of discrimination under the EPA. This objection is without merit and is overruled.

Plaintiff objects to the "Court's striking Plaintiff's Exhibits" [Doc. #53 at 4]. This objection is unclear because the Magistrate Judge did not strike any of plaintiff's exhibits. The Magistrate Judge did sustain Defendant's objections to plaintiff's evidence, and the court will assume that plaintiff is referring to these sustained objections [Doc. #49 at 5 n.1]. The only exhibits identified by plaintiff are her exhibits 6 and 3. With regard to exhibit 3, plaintiff does not provide a basis for her objection, but merely states that the chart reflects an absence of females [Doc. #53 at 5]. This is not a proper objection, and is overruled. With regard to exhibit

6, plaintiff contends that the email is self-authenticated, and is therefore, proper. However, defendant's objections did not concern authentication, but rather a lack of foundation, lack of personal knowledge, and that her response entirely fails to make citations to specific exhibits [Doc. #57 at 7]. Plaintiff provides no basis for her objection to the Magistrate Judge sustaining defendant's objections. The court finds that plaintiff's objections are overruled.

Plaintiff also includes a section setting forth the law applicable to motions for summary judgment, which was followed by the Magistrate Judge [Doc. #53 at 7]. Plaintiff also includes a section setting forth the law applicable to pretext, presumably in support of her argument that defendant's proffered reason for discrimination was mere pretext [Doc. #53 at 6]. This argument is irrelevant in light of the Magistrate Judge's finding that plaintiff failed to set forth a prima facie case for discrimination under the EPA, and to which plaintiff did not object.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes plaintiff's objections are without merit and are, therefore, overruled.

Plaintiff also filed a Motion to Strike Defendant's Affidavit's Submitted in its Motion for Summary Judgment on Plaintiff's Equal Pay Act Complaint and Objections [Doc. #46], and Plaintiff's Motion to Substitute "Plaintiff's Exhibit 1" Of Plaintiff's Opposition to Defendant Denton ISD's Motion for Summary Judgment Evidence [Doc. #47]. These motions were not considered by the Magistrate Judge in his report and recommendation because these motions were not ripe at the time the report and recommendation was filed.

Plaintiff's motion to strike asks the court to strike the affidavit of Robert Stewart [Doc. #33, Ex. 3] in its entirety, the affidavit of Dr. Ray Braswell dated June 3, 2011 [Doc. #33, Ex. 4]

in its entirety, the affidavit of Frances Stetson [Doc. #33, Ex. 5] in its entirety, and the affidavit of Dr. Ray Braswell dated March 25, 2013 [Doc. #33, Ex. 1].

Plaintiff objects to almost every paragraph of the affidavit of Dr. Ray Braswell dated June 3, 2011, as conclusory and false. A statement that portions of the affidavit are "false" is not a proper objection, and is overruled. As for plaintiff's objection that the affidavit of Dr. Ray Braswell is conclusory, the affidavit reveals the Dr. Braswell is the superintendent of the Denton Independent School District [Doc. #33, Ex. 4, ¶ 2]. Dr. Braswell has been in this role since 1999, and also serves as custodian of records. *Id*. Dr. Braswell states that he has personal knowledge of the facts set forth in the affidavit, and that they are all true and correct. Further Dr. Braswell provides a number of documents supporting the assertions made in his June 3, 2011 affidavit. Therefore, plaintiff's objections to Dr. Ray Braswell's June 3, 2011 affidavit are overruled.

Plaintiff objects to paragraphs one through fourteen of Frances Stetson's affidavit on the basis that the statements made are false, conclusory, and self-serving. Again, an objection that the statements made are false is not a proper objection. Stetson's affidavit is not self-serving because she was not compensated by defendant for providing the affidavit. Stetson's affidavit is titled "Affidavit of Services and Recommendations to Denton ISD Regarding the Department of Special Education." Stetson states that she provided a comprehensive evaluation of services provided to students with disabilities beginning in the fall of 2009. Stetson personally conducted the evaluation along with her associates and relates her personal recommendations in her affidavit. These statements are not conclusory. Plaintiff's objections to the affidavit of Frances Stetson lack merit and are overruled.

Plaintiff also objects to paragraphs one through fifteen, seventeen, eighteen, twenty, thirty-two, and thirty-three of the March 25, 2013 affidavit of Dr. Ray Braswell as conclusory, vague, and false. An objection that the statements made are "false" is not a proper objection. Plaintiff objects that Dr. Braswell's affidavit is vague as to how salaries in the district are set; however, this objection is without merit. Dr. Braswell's affidavit clearly sets forth defendant's pay system in detail, and other summary judgment evidence confirms his statements. Finally, Dr. Braswell's affidavit states that he has personal knowledge of the facts set forth in the affidavit. These statements are confirmed by other summary judgment evidence, and plaintiff cannot show that these statements are conclusory. Thus, plaintiff's objections to the March 25, 2013 affidavit of Dr. Ray Braswell lack merit and are overruled.

Plaintiff objects to almost every paragraph of Robert Stewart's affidavit as conclusory and false. In his affidavit, Robert Stewart sets forth his work experience with the district, including his position as Executive Director of Human Resources, Interim Executive Director of Human Resources, and Director of Professional Personnel. It is in this capacity that Robert Stewart has personal knowledge of the facts set forth in his affidavit. Plaintiff's objections to the affidavit of Robert Stewart lack merit and are overruled.

Plaintiff's motion to substitute "Plaintiff's Exhibit 1" asks the court to allow plaintiff to revise her affidavit and cure the deficiencies raised by defendant. The court finds that this motion is untimely filed. Defendant timely served its reply to plaintiff's response and its objections and motion to strike plaintiff's evidence on April 29, 2013. Plaintiff has had ample time to address any evidentiary deficiencies, and all of her arguments have been duly considered by the court. The only justification plaintiff sets forth for her untimely filing is that defendant objected to deficiencies in the original affidavit, and she needs to file a new one. This is not a

basis for the delay, and upon further review, the court finds that any substitutions in the affidavit do not change the allegations or findings of the Magistrate Judge in this case and are futile. Plaintiff's motion is denied.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #49] is hereby adopted, and defendant's Motion for Summary Judgment [Doc. #33] is **GRANTED**, and plaintiff's claims are **DISMISSED** with prejudice.

It is further **ORDERED** that Plaintiff's Motion to Strike Defendant's Affidavit's Submitted in its Motion for Summary Judgment on Plaintiff's Equal Pay Act Complaint and Objections [Doc. #46] is **DENIED**, and Plaintiff's Motion to Substitute "Plaintiff's Exhibit 1" Of Plaintiff's Opposition to Defendant Denton ISD's Motion for Summary Judgment Evidence [Doc. #47] is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **August, 2013.**

_____
Ron Clark, United States District Judge